UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| STEPHANIE SCHEEL and MRW HOLDINGS, INC., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 3: 11-17-DCR |
| V. | ) ) ) | |
| STEVE HARRIS, et al., | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

This matter is pending for consideration of Plaintiffs Stephanie Scheel's and MRW Holdings, Inc.'s Motion for leave to amend their Complaint. [Record No. 163] The plaintiffs contend that the amendment will "provide the Court and the parties with a more concise pleading before trial." [*Id.*, p. 3] Defendant Steve Harris opposes the motion on the grounds that it would be unduly prejudicial and because the amendment lacks "any legitimate purpose . . . at this stage of the litigation." [Record No. 168, p. 1] For the reasons explained below, the plaintiffs' motion will be denied.

The Scheduling Order entered on July 7, 2011 provided that the parties had until February 6, 2012 to file all motions to amend their pleadings. [Record No. 25 ¶ 7] Because that date has passed, the plaintiffs are, in effect, moving the Court to extend the deadline for submitting amendments. Rule 16(b)(4) of the Federal Rules of Civil Procedure provides that a scheduling order may be modified for "good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

The primary measure of "good cause" is the "moving party's due diligence in attempting to meet the case management order's requirements." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005) (internal quotation marks omitted). The Court "should also consider possible prejudice to the party opposing the modification." *Id.* Only after a party establishes good cause under Rule 16(b) may the Court consider whether amendment is proper under Rule 15(a). *See Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003).

The plaintiffs assert that they have good cause to amend the scheduling order because "they had no reason to amend their complaint until after this Court granted Brooks' motion for summary judgment in August of this year." [Record No. 163, p. 3] They also attempt to show good cause by pointing out that MRW did not dismiss its claims against Brooks until after February 6, 2012. Neither of these arguments are sufficient to demonstrate good cause. MRW cannot use its own late dismissal of claims as evidence that it diligently attempted to meet the Scheduling Order's deadlines. And the Court's grant of summary judgment to Defendant Brooks does not, on its own, serve as good cause for an untimely extension of the Scheduling Order's deadline regarding leave to amend. *See Jones v. Garcia*, 345 F. App'x 987, 990 (6th Cir. 2009) (affirming denial of late-filed motion for leave to amend where motion was "prompted only by the [defendants'] motion for summary judgment, which pointed out that [the plaintiff] had not raised a deliberate indifference claim"). Even if the Court's entry of summary judgment on the claims against Brooks was sufficient to provide the plaintiffs with good cause, the necessity for an extension should have been apparent several months ago. The delay between the grant of summary judgment and the motion for leave to amend evidences a lack of "due diligence."

*Andretti*, 426 F.3d at 830.  The plaintiffs have thus failed to demonstrate their entitlement to an extension of the Scheduling Order's deadline under Rule 16(b)(4).

Even if the plaintiffs were able to demonstrate cause for amending the Scheduling Order, the Court would deny the motion.  Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that the Court "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P. 15(a)(2).  However, leave may be denied where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Despite the unusual timing of this motion to amend, district courts have discretion regarding whether to grant leave to amend following summary judgment.  *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 521 (6th Cir. 2010).  However, "[w]hen amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier."  *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001).  As noted above, the plaintiffs have failed to carry this burden.

Moreover, Harris contends that the Amended Complaint tendered by the plaintiffs would be prejudicial.  He points out that several paragraphs are "entirely new and include allegations specifically designed to preempt his defense of privilege."  [*Id.*, p. 3]  Additionally, Harris asserts that the plaintiffs' attempt to remove all references to Defendant Brooks is an "attempt to categorically exclude" any evidence pertaining to Brooks, which might otherwise be relevant.  [*Id.*, p. 4]  The Sixth Circuit has "held that 'allowing amendment after the close of discovery

creates significant prejudice.'" *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 537 (6th Cir. 2008) (quoting *Duggins v. Steak'n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999)). This principle supports the Court's denial of the plaintiffs' motion, especially in light of the concerns raised by Harris.

In summary, the plaintiffs have not established good cause for extending the Scheduling Order's deadline for amending pleadings under Rule 16(b)(4). Likewise, they have not met their burden under Rule 15(a)(2) by providing justification for their failure to amend their complaint at an earlier stage in the litigation. Further, granting the motion would result in undue prejudice to Harris. Accordingly, it is hereby

**ORDERED** that the Plaintiffs' Motion for Leave to File Their First Amended Complaint [Record No. 163] is **DENIED**.

This 13th day of November, 2012.



Signed By:
*Danny C. Reeves* DCR
United States District Judge